UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY Q. et al., | CASE NO. CV 98-4181 AHM (AJWx) |
| Plaintiffs, | |
| v. | ORDER RE SPECIAL MASTER'S SECOND QUARTERLY REPORT |
| DIANA BONTA, | |
| Defendants. | |

The Court has reviewed the Second Quarterly Report of Special Master Richard Saletta, which was submitted around September 25, 2008. None of the parties has filed a written response to the report, which the Court has caused to be filed, along with the six appendices.[1] The Court now responds to Mr. Saletta's report.

First, the Court again commends the Special Master for his efforts thus far and for the professionalism reflected in his Report. The Court also commends the parties and their various individual representatives, as well as their respective

---

[1] In the future, if the Special Master submits appendices or exhibits, he should tab them and include a table of contents.

counsel, for their salutary approach to dealing with the Special Master and with each other. It is obvious that their efforts continue to be constructive.

The Court hereby schedules a status conference for October 30 at 2:30 p.m. At that conference, the parties and the Special Master should be prepared to address at least the following questions or issues. (The citations are to the Second Quarterly Report.)

1. <u>Page 3, lines 6-10</u>: What is the "10% match on all EPSDT" and how does it work? How would a county "return[] the Medi-Cal mental health program to the state"? What would be the impact of such a "return" on this case?

2. <u>Page 3, lines 11-22</u>: The concerns of the California Mental Health Directors Association ("CMHDA") and its position are not clear to the Court.

3. <u>Page 5, lines 1-7</u>: Do all parties consent to an extension of jurisdiction until December 31, 2010? Do they agree on a concomitant extension of the Special Master's appointment and responsibilities, with an attendant increase in the budget for his services?

4. <u>Page 5, lines 20-24</u>: What (generally speaking) are the county representatives' disagreements as to Point Three (Structured Accountability) and how do the parties intend to reach an agreement as to these issues or requirements?

5. <u>Page 6, lines 1-16</u>: To the extent that the parties intend to eliminate existing Court requirements (see App. B to the Special Master's Report),

1    don't they have to seek Court approval?  What requirements?  Where are
2    those requirements set forth?

4    6. <u>Page 8, lines 24-28</u>: What does the phrase "compliance and
5    disallowances" mean?  To what does it refer?

7    7. <u>Page 10, lines 8-16</u>: What is the "independent, statewide organization"?
8    Does it currently exist?

10   8. <u>Appendix D (TBS Best Practices)</u>: Who wrote this?  When?  For what
11   purpose or occasion?

13   The parties may file written responses to any or all of these questions and matters,
14   and if they choose to do so, such responses shall be filed by not later than three
15   court days before the status conference.

17        The Court ORDERS counsel for Plaintiffs to arrange for the participation of
18   at least one attorney for the Plaintiffs in the *Katie A.* case.  Counsel for Defendants
19   are ORDERED, in turn, to arrange for the participation of at least one of the
20   attorneys for the State Defendants in that case, as well as inviting counsel ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27
28   for the County to participate.  (Ideally, the counsel for all the parties in *Katie A.*

3

1    who participate should be the lead counsel.)  The *Katie A.* attorneys may
2    participate telephonically if they wish.

4    IT IS SO ORDERED.

6    DATED:    October 14, 2008      _____
7                                                     A. HOWARD MATZ
                                                    United States District Judge