O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 98-4181 AHM (AJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | EMILY Q., et al. v. DIANE BONTA, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)


Having reviewed the parties' respective filings in response to the Court's December 16, 2010 Order (Dkt. 619), the Court now rules as follows.

(1)  The Response of DHCS and CDMH (Dkt. 622) is reassuring.  Exhibit 1 thereto reflects a good faith commitment not only to continue making progress toward satisfying Point Nine, but to carrying out the terms of the Nine Point Plan after the Court terminates the jurisdiction.

(2)  The Plaintiffs' filing (Dkt. 623) raises legitimate concerns, but does not dissuade the Court from its view that jurisdiction probably can and should terminate by June 2011.  This is not a conclusive finding, but the Court continues to believe that in a "worst case scenario" (*e.g.*, the State Defendants really drop the ball or fail to carry out the commitments they set forth in their Exhibit 1), Rule 60(b)(6) of the Federal Rules of Civil Procedure would afford a promising remedy to Plaintiffs and to the Court. By its terms, that rule applies not only to judgments, but to orders, such as an order divesting the Court of jurisdiction.  Moreover, the Rule has been described as a "grand reservoir of equitable power to do justice in a particular case."  *E.g., Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 106 (4th Cir. 1979).  Although this Court does not anticipate that the State Defendants would in fact abandon or thwart their previous (and gratifying) progress at complying with the judgment, if they did so such a choice would be comparable to repudiating a settlement agreement.  (The original judgment was reached consensually.)  Under Rule 60(b)(6), "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers International Association*, 937 F.2d 408, 410 (9th Cir. 1991).


                                                                    :        rs

                                              Initials of Preparer