KAMALA D. HARRIS
Attorney General of California
ISMAEL A. CASTRO
Supervising Deputy Attorney General
MELINDA VAUGHN
Deputy Attorney General
State Bar No. 120446
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-7873
 Fax: (916) 324-5567
 E-mail: Melinda.Vaughn@doj.ca.gov
*Attorneys for Defendant*

JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMILY Q., et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **DIANA BONTA, et al.,** <br><br> Defendant. | CV 98-4181 AHM (AJWx) <br><br> **[PROPOSED] ORDER ADOPTING SPECIAL MASTER'S FINDINGS AND RECOMMENDATIONS AND TERMINATING JURISDICTION** <br><br> [No Hearing Required] <br><br> Judge: The Honorable A. Howard Matz <br> Courtroom: 14 |

**ORDER ADOPTING SPECIAL MASTER'S FINDINGS AND RECOMMENDATIONS AND TERMINATING JURISDICTION**

The Special Master, Richard Saletta, filed a Final Report in Response to Court's Order Appointing Special Master (Final Report). (Docket No. 629.) The matter was heard before the Honorable A. Howard Matz on June 15, 2011. Appearing for the Plaintiffs were Melinda Bird, Disability Rights California, Robert D. Newman, Western Center on Law and Poverty, and James Preis, Mental Health Advocacy Services. Appearing for the Defendant was Melinda Vaughn, Deputy Attorney General, for Kamala D. Harris, California Attorney General. The Special

Master was present for the hearing. There were no objections to the Special Master's Final Report.

Plaintiffs filed with the Court a proposal for use of certain unclaimed monies from a fund that was established by the Amended Judgment and Permanent Injunction (Amended Judgment) for "special services" to youth between the ages of 21 and 25 who were former class members (Special Services Fund). (Docket Nos. 291, 631.) The Court considered Defendant's objection to Plaintiffs' proposal, namely, that monies in the Special Services Fund should be returned to the State General Fund.

The Court finds:

1. As a result of the Court's order appointing Richard Saletta as Special Master (Docket No. 531), a Nine Point Plan (Plan) was approved by the Court on November 14, 2008. (Docket No. 552.) Under the Plan, Defendant agreed to do the following: Point One - reduce administrative requirements for providing Therapeutic Behavioral Services ("TBS"); Point Two - clarify eligibility requirements for TBS; Point Three – establish an accountability process and structure for TBS planning and decision-making; Point Four – establish a TBS best practices approach by developing a manual on TBS coordination of care and best practices; Point Five – promote a multi-agency coordination strategy that includes a strategy to engage youth and families; Point Six – develop a statewide TBS training program; Point Seven – develop and promote technical assistance manuals on TBS documentation and best practices; Point Eight – develop an outreach strategy using the Emily Q./TBS web page on the website of California Department of Mental Health ("CDMH"); Point Nine – develop an exit plan and criteria for termination of jurisdiction.

/ / /

/ / /

2.  Point Nine of the Plan, the criteria for court exit from jurisdiction, was approved by the Court on April 23, 2009. (Docket No. 573.) The Exit Criteria required that the 27 large and medium-sized Mental Health Plans (MHPs) engage in a significant effort to increase TBS utilization and improve TBS quality, and engage decision-makers and stakeholders. The Exit Criteria set a TBS utilization benchmark of four percent, calculated based on the number of youth receiving TBS (or equivalent services) divided by the number of youth receiving EPSDT mental health services, and required that two-thirds (18) of the large and medium-sized MHPs meet the four percent benchmark. The Exit Criteria could be satisfied if a county was on a trajectory to reach the four percent benchmark no later than June 30, 2012.

3.  In his Final Report, the Special Master found that Defendant has successfully implemented and completed the requirements in the first eight points of the Plan. The Special Master also found that 18 of the 27 large and medium-sized MHPs had met or were on a trajectory to meet the 4% TBS benchmark based on increases in TBS or TBS equivalent services. The Special Master certified that these MHPs also met other requirements, including a showing that these increases are sustainable. Although the Exit Criteria did not call for statewide attainment of the four percent benchmark, the Special Master found that TBS utilization had increased from 1.68% in 2005 to 3.81% in 2010, which reflects the statewide effort of all 56 MHPs to increase TBS utilization.

4.  In conjunction with Point Nine of the Plan, CDMH filed a transition plan with the Court, describing its plan for continued post-termination activities. (Docket No. 622.)

5.  Defendant and the California Department of Mental Health have completed the requirements of the Nine-Point Plan and the terms of the Amended Judgment have been satisfied.

6.  The purposes of Paragraph 19 of the Amended Judgment will be served by adopting Plaintiff's proposal for the Special Services Fund, that the monies be used to support statewide Therapeutic Behavioral Services (TBS) trainings, quality improvement activities, data review, and continued maintenance of public TBS data dashboards.

7.  It is appropriate for the Court to terminate jurisdiction, with the exception of matters related to Plaintiffs' attorneys' fees and costs, and the Special Master's amended budget.

**GOOD CAUSE HAVING BEEN SHOWN, THE COURT ORDERS:**

1.  The Court adopts the findings and recommendations of the Special Master in his Final Report.

2.  Defendant Director of the Department of Health Care Services, and the director or directors of any successor entity or entities, shall continue to comply with the post-termination terms of the Nine Point Plan and transition plan. Nothing in this order shall preclude subsequent litigation regarding the obligations of counties and county mental health plans to provide TBS.

3.  Monies remaining in the Special Services Fund in the approximate amount of $198,394.63 shall remain on deposit with the California Institute for Mental Health ("CIMH"), for use by CDMH, or any successor entity, to support TBS trainings, quality improvement activities, data review, and continued maintenance of public TBS data dashboards.  CDMH, or any successor entity, shall have discretion over use of the monies in the Special Services Fund, provided that they are used solely for one or more of the following activities pertaining to TBS: trainings, quality improvement activities, data review, and continued maintenance of public TBS data dashboards.  Plaintiffs' counsel shall provide a copy of this Order to CIMH.

    4.    Jurisdiction over this matter is terminated, except that the Court reserves jurisdiction over issues pertaining to Plaintiffs' attorneys' fees and costs, and the Special Master's final amended budget.

Date:  September 14, 2011

_____
A. Howard Matz
United States District Judge

**JS-6**

5